1  Chris C. Scheithauer (State Bar No. 184798)
   cscheithauer@mwe.com
2  McDERMOTT WILL & EMERY LLP
   4 Park Plaza, Suite 1700
3  Irvine, CA  92614-2559
   Telephone:  949.851.0633
4  Facsimile:   949.851.9348

5  Attorneys for defendant
   NORTHROP GRUMMAN CORPORATION

6

7              UNITED STATES DISTRICT COURT

8             CENTRAL DISTRICT OF CALIFORNIA

9

10  HELENA FONTAINE,                    CASE NO.  2:15-CV-7672

11                  Plaintiff,          **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)**

12         v.

13  NORTHROP GRUMMAN
    CORPORATION,

14
                    Defendant.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

Notice of Removal of Action Under 28 U.S.C.
§ 1441(a)                                        Case No.:  2:15-CV-7672

1    **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

2          **PLEASE TAKE NOTICE** that defendant NORTHROP GRUMMAN

3    CORPORATION ("Northrop"), hereby removes to this Court the state court action

4    described below:

5          1.      On or about August 28, 2015, plaintiff Helena Fontaine ("Plaintiff"),

6    acting in Pro Per, filed an action in the Superior Court of the State of California, in

7    and for the County of Los Angeles, entitled:  HELENA FONTAINE vs.

8    NORTHROP GRUMMAN CORPORATION, as Case No. BC592527.  A copy of

9    Plaintiff's Form Complaint, California Judicial Council Form PLD-C-001

10   ("Complaint"), and all documents attached thereto are attached hereto as Exhibit A.

11         2.      Northrop first received a copy of the Complaint on September 8, 2015

12   by way of the United States mail.

13         3.      Northrop is the sponsor of the Northrop Grumman Retirement Plan

14   and the Northrop Grumman Retirement Value Plan, sub-plans of the Northrop

15   Grumman Pension Plan (the "Plan"), an employee benefit plan governed by the

16   Employee Retirement Income and Security Act ("ERISA"), 29 U.S.C. § 1001 *et*

17   *seq*.

18         4.      In her Complaint, Plaintiff purports to assert causes of action against

19   Northrop for "Breach of Contract" and "Loss of pension wages," as well as "other

20   allegations" for "Interference and Breach of Contract, Discrimination-preventing

21   [her] from obtaining [her] correct pension, Violation of ERISA act, Breach of

22   Fiduciary Duty, Misuse of funds, Fraud."   See Complaint ¶¶ 8-9.  Then in what

23   appears to be an attachment to the complaint titled "General Negligence," plaintiff

24   purports to cite the Northrop Retirement Plan formulas for how a pension should be

25   calculated.  While not pled with a high degree of clarity, all of the statements and

26   allegations in the Complaint appear to relate to Plaintiff's view of how Northrop

27   allegedly administered the Plan and what pension benefits Plaintiff believes she is

28   entitled to receive.  *See* Complaint.  Plaintiff prays, in relevant part, for "correct

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

1 pension based on ERISA act of 1994 Section 204 and NG Retirement Plan." *See*

2 Complaint, ¶ 10.

3      5.      This Court has original jurisdiction in this civil action under 28 U.S.C.

4 § 1331 because Plaintiff makes allegations relating to the administration of an

5 employee benefit plan governed by ERISA.

6      6.      The Plan is an "Employee Benefit Plan" as defined in the ERISA.

7 Pursuant to 29 U.S.C. § 1144(a), ERISA shall "supersede any and all State laws

8 insofar as they may now or hereafter relate to any employee benefit plan . . ."  This

9 "extraordinary" and "virtually unique" preemption provision was intended to "clear

10 away *all* state laws" relating to ERISA plans and to assure a "nationally uniform

11 administration of such plans." *See* Schwarzer, Tashima & Wagstaffe, CAL. PRAC.

12 GUIDE: FED. CIV. PROC. BEFORE TRIAL (The Rutter Group 2011)

13 Section 2:2677, *citing Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987).

14      7.      ERISA's preemptive force is "so strong" that federal preemption "is

15 'complete': i.e., the state law claim is not merely displaced, it is replaced with an

16 ERISA claim." *See* Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED.

17 CIV. PROC. BEFORE TRIAL (The Rutter Group 2011) Section 2:2678, *citing*

18 *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 454-55 (1987).

19      8.      Moreover, state law claims implicating the administration of an

20 ERISA plan are "completely preempted" and "are 'recharacterized' as claims

21 'arising under' federal law and thus removable to federal court." *See* Schwarzer,

22 Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PROC. BEFORE TRIAL

23 (The Rutter Group 2011) Section 2:2680, *citing Metropolitan Life Ins. Co. v.*

24 *Taylor*, 481 U.S. 58, 66 (1987).  Because an Employee Benefit Plan governed by

25 ERISA and the administration thereof forms the basis for Plaintiff's claim against

26 the Northrop, this Court has federal question jurisdiction over Plaintiff's claim.

27      9.      Northrop may remove this action to this Court pursuant to the

28 provisions of 28 U.S.C. § 1441(a) as Plaintiff's claims asserted against invokes a

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

1    matter of Federal question jurisdiction as it relates to the administration of an

2    ERISA plan.

3        10.    Removal to this Court is proper, as it is the District Court for the

4    District and Division "embracing the place where such action is pending." 28

5    U.S.C. § 1441(a).

6        11.    This Notice of Removal is filed with the Court within thirty (30) days

7    of the date the Northrop first received a copy of the initial pleading in the above-

8    entitled action.

9        WHEREFORE, defendant NORTHROP GRUMMAN CORPORATION

10   respectfully requests that the action described above be removed to this Court

11   pursuant to 28 U.S.C. §§ 1331 and 1441(a).

12

13   Dated:  September 30, 2015              McDERMOTT WILL & EMERY LLP

14

15                                           By: /s/ Chris C. Scheithauer
                                                Chris C. Scheithauer
                                                Counsel for defendant
16                                              NORTHROP GRUMMAN
                                                CORPORATION
17

18

19

20

21

22

23

24

25

26

27

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

Notice of Removal of Action Under 28 U.S.C.
§ 1441(a)                            - 4 -         Case No.:  2:15-CV-7672

1

2

## **CERTIFICATE OF SERVICE**

3

4

5

6

        I certify that on September 30, 2015, I electronically filed the
foregoing with the Clerk of the Court for the United States District Court, Central
District of California, by using the CM/ECF system.  Participants in the case who
are registered CM/ECF users will be served by the CM/ECF system.

7

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)**

8

9

Helena Fontaine, In Pro Per
8743 Nada Street
Downey, CA 90242

10

11

12

13

14

15

        Under that practice it would be deposited with the U.S. Postal Service
on that same day with postage thereon fully prepaid in the ordinary course of
business.  I am aware that on motion of the party served, service is presumed
invalid if postal cancellation date or postage meter date is more than one day after
date of deposit for mailing in affidavit.  I declare that I am I am familiar with the
Firm's practice of collection and processing mailing.

16

        Executed on September 30, 2015, at Irvine, California.

17

                                        /s/ Chris C. Scheithauer

18

19

20

21

22

23

24

25

26

27

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

Notice of Removal of Action Under 28 U.S.C.
§ 1441(a)                                    - 5 -              Case No.:  2:15-CV-7672