

FILED
CLERK, U.S. DISTRICT COURT
NOV 9 2015
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

Helena Fontaine
8743 Nada St
Downey, CA 90242
phone# 562-754-3797
Plaintiff in Pro Per

RECEIVED BUT NOT FILED
CLERK, U.S. DISTRICT COURT
NOV - 9 2015
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Helena Fontaine,**<br>**Plaintiff,**<br><br>**vs.**<br><br>**Northrop-Grumman Corporation,**<br>**Defendant.** | Case No.: 2:15-CV-7672-DSF-AFM<br>**AMENDED COMPLAINT:**<br>**1. RECOVER BENEFITS, ENFORCE AND/OR CLARIFY RIGHTS UNDER THE TERMS OF ERISA**<br>**2. BREACH OF IMPLIED AND/ OR WRITTEN CONTRACT**<br>**3. MISTAKE, NEGLIGENCE, MISREPRESENTATION** |

**STATEMENT OF FACTS**

Plaintiff, Ms. Fontaine seeks correct pension amount from Northrop-Grumman Corporation (defendant) based on Northrop-Grumman's Heritage Plan A. and the ERISA act of 1994 Section 204. Plaintiff, Helena Fontaine was hired by Northrop Corporation on December 4, 1989. Northrop Corporation changed their name after

the Grumman Corporation merger to Northrop-Grumman Corporation.

Ms. Fontaine employed with Northrop-Grumman Corporation for ~19.5 years, December 4, 1989 to October 2, 2009. Ms. Fontaine's retirement pension benefits started April 2012.

**EMPLOYMENT INFORMATION**

Ms. Fontaine started her employment with Northrop Corporation on December 4, 1989 and was hired as an engineer. After many years of employment, Ms. Fontaine received a lay-off notice which started July 22, 2000. Less than one year later on June 18, 2001, Ms. Fontaine returned to Northrop-Grumman Corporation employed as an engineer. Years later, Northrop-Grumman Corporation downsized the number of employees and moved most of their work to Alabama. Unfortunately, Ms. Fontaine received a layoff notice which resulted in her last day of employment and many happy years, on October 2, 2009.

During Ms. Fontaine's employment with Northrop-Grumman Corporation, Ms. Fontaine has had several conversations with Northrop-Grumman benefits which implied Ms. Fontaine was an employee with another sector of Northrop-Grumman. This is not true. Ms. Fontaine has never been employed by another sector, Ms. Fontaine has only been an employee of Northrop-Grumman Heritage Plan A. It is now clear the impact of Ms. Fontaine's employment status and the pension amount received because Ms. Fontaine's employer has always been Northrop-Grumman Corporation.

Ms. Fontaine took her pension on April 2012; disputing the pension amount for the past 3 years. Based on the many conversations, letters and findings with

Northrop-Grumman benefits, Northrop-Grumman Corporation had mis-categorized her status as a Northrop-Grumman employee which has affected the pension benefit.

**FIRST CAUSE OF ACTION**
**RECOVER BENEFITS,**
**ENFORCE AND/OR CLARIFY RIGHTS**
**UNDER THE TERMS OF ERISA**

The Northrop-Grumman Benefits has corrected Ms. Fontaine's status and directed their letter to both the medical, savings and pension divisions. The Global Benefit made this benefit change to Ms. Fontaine's employment record, however, the pension amount did not change.

After many phone conversations and letters with the pension division for the past 3 years, the pension department mentioned something about two types of formulas based on Ms. Fontaine's employment and re-hire on June 18, 2001.
Ms. Fontaine sent the pension division a copy of the letter from The Global Benefit. The letter clearly states Ms. Helena Fontaine is a Northrop-Grumman Corporation Heritage employee.

If Northrop-Grumman denies this claim then the following applies:
NG Retirement Plan January 1, 1995 pg 23, benefits article 15 and App E.
ERISA Act of 1994 Section 204 (h), 'Benefits will be based on the greater of the two formulas. Under no circumstances will your pension be reduced'. section 7.06 Never to be a reduction of previous retirement.

See exhibit 1 from the Northrop-Grumman benefits department. To iterate the

important issue from the Northrop-Grumman Plans Administrative Committee 'Based on your document work history while an active employee, you should have been categorized as a Northrop heritage participant. We apologize for the error."

Please enforce Ms. Fontaine's rights to her correct pension based Northrop-Grumman's Heritage Plan A and ERISA act. The year's of confusion has placed undue burden of proof on Ms. Fontaine, and Ms. Fontaine's rights need to clarified and enforced appropriately.

**SECOND CAUSE OF ACTION**
**BREACH OF IMPLIED AND/OR WRITTEN CONTRACT**

Break in Service Rule, Section 10.07 of the Northrop Grumman retirement Plan effective Jan 1995. Transition rules for layoff. "Rules do not apply to layoff and then returns to work in the time and manner that permits employee to maintain seniority rights".

Upon re-employment after layoff, the employee resumes her status. within 2 years after the date the layoff began. Benefits Overview dated Jan 2003 " If you begin participating in the plan under heritage, you will always participate under that as long as you remain under a participating business entity. Employee returning after a layoff will be covered in the originally assigned plan."

The regulations with respect to the meaning of the term "employed".
A right to an accrued benefit derived from employer.
Separation of service
Vesting rights
Employee is subsequently re-employed by the employer

Special Rules "Layoff"

Please, note the following:

U.S. Code § 1060

(B) A right to an accrued benefit derived from employer contributions shall not be treated as forgettable solely because the plan provides that the payment of benefits is suspended for such period as the employee is employed, subsequent to the commencement of payment of such benefits—

(ii) in the case of a multi-employer plan, in the same industry, in the same trade or craft, and the same geographic area covered by the plan, as when such benefits commenced. The Secretary shall carry regulations with respect to the meaning of the term "employed". (C) A right to an accrued benefit derived from employer contributions shall not be treated as forgettable solely because plan amendments may be given retroactive application as provided in section 1082 (d)(2) of this title.

It is the duty of Northrop-Grumman Corporation to transfer employee's benefits correctly with undo influence. Ms Fontaine has never resigned or severed her employment with Northrop-Grumman Corporation. Ms. Fontaine has been a committed employee, even in the 2009 layoff Ms. Fontaine wished to continue her employment and had applied for positions throughout the United States for available positions. with the Northrop-Grumman Corporation.

With all of this said, the ERISA act along with Northrop-Grumman's Heritage Plan A pension benefits very clearly shows the breach of implied contract, as well as written contract which has been imposed on Ms. Fontaine's pension unnecessarily.

**THIRD CAUSE OF ACTION**

**MISTAKE, NEGLIGENCE, MISREPRESENTATION**

The fact is Northrop-Grumman Corporation made a mistake. The Northrop-Grumman Benefits corrected this error, but the pension benefit did not change. A mistake was made and now it is the responsibility of Northrop-Grumman pension division to authorize or ratify the wrongful acts. Ms. Fontaine deserves her rights as a Northrop-Grumman Employee to obtain her correct pension benefits. However, the conduct of Northrop-Grumman brings us here today and is carried on with disregard of the employee's rights to her correct-earned pension benefits. -- intention on the part of the defendant of legal rights otherwise causing injury." (CC § 3294(c)(3).)

The pension benefits must match the employments status of Ms. Fontaine and recognize her as a ~19.5 year 'Northrop-Grumman Heritage Employee Plan A'. Please ratify and re-calculate Ms. Fontaine pension benefit as a Northrop-Grumman Heritage Plan A Employee for ~19.5 years with The Northrop-Grumman Corporation so her future pension benefits can match her employment status. Ms. Fontaine also asks the courts for back-pay with interest.

**Ms. FONTAINE PRAYS FOR:**

1. **judgment for costs of suit**
   - **for such relief as is fair, just, and equitable**
2. **damages**
3. **backpay pension amount with interest**
4. **attorneys fees**
5. **pension amount changed appropriately**

Exhibit 1



**Teri Herzog**
Director, Global Benefits

**Northrop Grumman Corporation**
2980 Fairview Park Drive
Falls Church, Virginia 22042
(703) 280-4228

October 1, 2013

Ms. Helena Fontaine
P. O. Box 184
Silverado, CA 92676

Re: Claim for Medical Coverage

Dear Ms. Fontaine:

I am writing to you on behalf of the Benefit Plans Administrative Committee. This letter is in response to your letter dated June 10, 2013 (received by this office August 14, 2013) with the heading "Northrop Grumman Pension Benefits." In that letter you question the calculations used to determine (a) your monthly Pension benefit payment and (b) the cost to you for participation in the Northrop Grumman Retiree Medical Plan ("NGRMP").

NGRMP participation falls under Health and Welfare benefits administration which is a separate discipline from Pension benefits administration. You can therefore expect to receive a separate letter responding to your Pension concerns. This letter responds only to the issue of medical coverage under the NGRMP. Although you mention dental coverage in your letter, the NGRMP does not include dental coverage.

A review of your record shows that you have never been enrolled for retiree medical coverage in the NGRMP. Based on your specific circumstances (i.e., laid-off at age 53 with 19 years of active employment service) you met the eligibility requirements to join the NGRMP when you reached age 55.

Closer scrutiny of your record shows that in 2004, you were categorized for record keeping purposes as a heritage TRW participant. However, based on your documented work history while an active employee, you should have been categorized as a *Northrop* heritage participant. As a Northrop heritage participant, your cost for medical coverage in the NGRMP is less. We apologize for the error. * * *

Exhibit 1 pg. 1

Retiree annual enrollment is upon us for the plan year beginning January 1, 2014. The actual enrollment dates are October 28th through November 10th. During this time period, you may enroll in the NGRMP and obtain medical coverage as a Northrop heritage retiree.

The Northrop Grumman Benefits Center ("NGBC") has been notified, by copy of this letter, to make the necessary adjustment to your record to reflect your Northrop heritage. This should avoid any future misunderstanding of the cost to you to participate in the NGRMP.

If you have other questions or concerns about your NGRMP cost/eligibility, please call the NGBC at 1-800-894-4194. Benefits Representatives are available to assist you daily from 9:00 a.m. to 6:00 p.m. eastern time.

Sincerely,

Teri R Herzog

Teri Herzog
Director, Global Benefits

Cc: NORTHROP GRUMMAN BENEFITS CENTER

Exhibit 1 pg. 2